**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Justin Metuchen GAMBA, Defendant—**
**Appellant.**

**United States of America,**
**Plaintiff—Appellant,**

v.

**Justin Metuchen Gamba, Defendant—**
**Appellee.**

No. 02–30230, 02–30261.
D.C. No. CR–01–00068–DWM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 2003.

Decided Sept. 29, 2003.

Josh Van de Wetering, Office of the U.S. Attorney, Missoula, MT, Bernard F. Hubley, Esq., Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Edmund F. Sheehy, Jr., Esq., Helena, MT, for Defendant–Appellant.

Before HAWKINS, MCKEOWN, and BERZON, Circuit Judges.

## MEMORANDUM *

Justin Gamba appeals the district court's decision declining to grant an acquittal on the Wadman count of witness tampering. The government cross-appeals the district court's acquittal on the count of being an accessory after the fact and the court's downward sentencing departure.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

210

■ A rational trier of fact could have found that Gamba violated the witness tampering statute. *See United States v. Edmonds*, 103 F.3d 822, 824–25 (9th Cir. 1996) (explaining that "[t]here is sufficient evidence to support a conviction, if after reviewing the evidence in the light most favorable to the government, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"). The statute does not require knowledge that the person being intimidated or threatened is a witness. *See* 18 U.S.C. § 1512(b). It was reasonable to construe Gamba's comments to Tiffany Wadman as an attempt to intimidate her into not testifying against Kathy Breland.

■ The district court did not err in acquitting Gamba of the accessory after the fact count. The evidence in the record is insufficient for a rational trier of fact to find that the government proved beyond a reasonable doubt that Gamba knew of Breland's possession with an intent to distribute. Although there was evidence indicating knowledge of possession, the record was lacking in evidence regarding knowledge of an intent to distribute.

■ The district court erred in granting a downward sentencing departure. The commentary to U.S.S.G. § 2J1.2 specifically contemplates that a defendant might attempt to obstruct justice for another person. The commentary states: "conduct covered by this guideline is frequently part of an effort to avoid punishment for an offense that the defendant has committed or *to assist another person* to escape punishment for an offense...." U.S. Sentencing Guidelines Manual § 2J1.2, cmt. background (2001)(emphasis added). The official commentary to the guidelines controls in sentencing. *See* 18 U.S.C. § 3553(b)(1) ("In determining whether a circumstance was adequately taken into consideration, the court shall

consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission."). Therefore, Gamba's witness tampering on behalf of Breland did not fall outside the heartland of the sentencing guidelines.

To the extent the court departed based on sentence disparity, it was error to do so because Gamba and Breland were convicted of different crimes. *United States v. Caperna*, 251 F.3d 827, 829 (9th Cir.2001) (holding that a district court may not depart from the applicable guideline range on the basis of sentence disparity unless the defendant and his co-defendants were convicted of the same crime).

The district court's refusal to direct an acquittal on the Wadman witness intimidation count is affirmed. The direction of an acquittal on the accessory after the fact count is affirmed. We remand for resentencing because the district court erred in granting a downward departure. The remand obviates the need to address the PROTECT Act.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.